Compiler

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF0246-08 |
| | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Defendant's Motion to Dismiss and for |
| | ) Hearing on Competency of Minor |
| | ) Witnesses) |
| MANNIX FRANK SONGENI, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 24, 2009, for a hearing on Mannix Frank Songeni's ("Defendant") Motion to Dismiss and for Hearing on Competency of Minor Witnesses. Attorney Pablo M. Aglubat appeared on behalf of Defendant. Attorney Clyde Lemons appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

### BACKGROUND

On June 5, 2008, the grand jury handed down an indictment charging the Defendant with First Degree Criminal Conduct (As a First Degree Felony) in violation of 9 G.C.A. 25.15(a) and Child Abuse (As a Misdemeanor). The charges arise from alleged events occurring

on August 9, 2008. Defendant allegedly caused his penis to enter A.M.'s ("the Victim") vagina. The Victim was seven years old at the time of the alleged incident.

On August 9, 2007, Healing Hearts conducted a forensic examination of the Victim that neither confirming nor discrediting the allegations of a First Degree Criminal Sexual Conduct was perpetrated by Defendant upon the Victim.

On March 20, 2009, Defendant filed a Motion to Dismiss and for Hearing on Competency of Minor Witnesses. On April 21, 2009, the People filed an Opposition to Defendant's Motion. On April 24, 2009, Defendant filed a Reply to the People's Opposition. Defendant submitted in camera the Healing Hearts Rape Crisis Center forensic interview and examination ("Report"). The Court now addresses Defendant's Motion to Dismiss and for Hearing on Competency of Minor Witnesses.

## DISCUSSION

### I. Motion to Dismiss

#### A. Lack of Evidence of the Elements of the Offense

Defendant asked the Court to dismiss the indictment due to the People's failure to present evidence of an element of the offense in the indictment. Defendant's Motion at 1 (March 20, 2009). Under Guam law, "[t]he grand jury shall find an indictment when from evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54(b).

On June 5, 2008, Defendant was indicted for the crime of First Degree Criminal Sexual Conduct. Indictment at 1 (June 5, 2008). One of the elements of the crime of First Degree Criminal Sexual Conduct is that the Defendant "engages in sexual penetration with the victim." 9 G.C.A. § 25.15(a). Defendant argued that the People failed to produce evidence to the grand

jury showing that sexual penetration of the victim occurred. Defendant's Motion at 2 (March 20, 2009).

During the grand jury proceeding, Guam Police Special Agent Jessica Meyenburg testified that the victim reported to her that Defendant "put his ding-ding into my private and it hurt." Grand Jury Proceeding at 10:58 a.m. – 10:59 a.m. (June 5, 2008). Special Agent Meyenburg further explained that "ding-ding" meant penis and "my private" meant vagina. Id. The Court determines that the grand jury had sufficient evidence to demonstrate the element of "engag[ing] in sexual penetration with the victim" to support the indictment of the Crime of First Degree Criminal Sexual Conduct. Therefore, the Court will deny Defendant's Motion to Dismiss.

**B. Exculpatory Evidence**

Defendant asked the Court to dismiss the Indictment of the indictment due to the People's failure to present exculpatory evidence to the Grand Jury. Defendant's Motion at 2 (March 20, 2009). 8 G.C.A § 50.46 states as follows: "[t]he grand jury shall receive only evidence presented to it by the prosecuting attorney, but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt." The standard for determining whether error in the grand jury proceedings justifies dismissal of the indictment prior to trial a court must consider whether the defendant has been prejudiced by the error. People of Territory of Guam v. Muna, 999 F.2d 397, 399 (9th Cir. 1993) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 25, 108 S.Ct. 2369, 2373 (1988). Prejudice is present "if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave "doubt" that the decision to indict was free from substantial influence of such violations." Bank of Nova Scotia, 487 U.S. at 256, 108 S.Ct. at 2374. A Court may dismiss an indictment if the prosecutorial

conduct was "flagrant" and caused substantial prejudice to the defendant. United State v. Jacobs, 855 F.2d 652, 655 (9th Cir. 1988). However, absent flagrant or prejudicial prosecutorial misconduct, dismissal is an abuse of discretion. Id. at 65. The Court will deny Defendant's Motion to Dismiss.

Defendant argued the People failed to present the Report to the grand jury, and the Healing Hearts Report contained exculpatory evidence. Defendant's Motion at 2 (March 20, 2009). The People argued that the Report did not contain exculpatory evidence. The People's Opposition at 3 (April 21, 2009). The People also argued that the Report neither confirmed nor denied that sexual penetration of the Victim occurred. Defendant submitted the Report in camera for the Court to review. After reviewing the Report in camera, the Court determines that the Report contained no exculpatory evidence. Therefore, the Court will deny Defendant's Motion to Dismiss.

Assuming arguendo that the Report had contained exculpatory evidence, the Defendant would have to allege flagrant prosecutorial misconduct by the People in withholding the Healing Hearts Report, and caused substantial prejudice to the Defendant. Jacobs, 855 F.2d at 655. The Healing Hearts Report was not in the possession of the People at the time of the presentation to the grand jury. The People's Opposition at 3 (March 20, 2009). The Healing Hearts report was delivered to the People on June 12, 2008 – a week after the grand jury proceedings held on June 5, 2008. Id. The Defendant has not offered any evidence that the People's failure to disclose the Report to the grand jury amounted to prosecutorial misconduct and caused substantial prejudice. Therefore, the Court will deny Defendant's Motion to Dismiss.

**II. Motion for Hearing on Competency of Minor Witnesses**

Defendant asked Court to hold a pre-trial competency hearing to determine the competency of the minor witnesses. Defendant's Motion at 4 (March 20, 2009). Under 6 G.C.A. § 601, every person is presumed competent to be a witness unless otherwise provided under the rules. A child witness is presumed competent, and there are not mental qualifications for witnesses. Fed. R. Evid. 601, advisory committee's note. Children are competent witnesses if they "appreciate the difference between truth and falsehood" and possess the "required capacity for observation, recollection and communication." Pocatello v. United States, 395 F.2d 115, 116 (9th Cir. 1968). The competency of a witness is really to be determined, not by his age, but by the degree or extent of his understanding and knowledge. People v. Dunlop, 27 Cal.App. 460, 465 (Cal. 1915).

Defendant argued that because the Victim is nine years old the Court should hold a pre-trial hearing to determine if A.M. is a competent witness. Defendant's Motion at 3 (March 20, 2009). The Defendant also argued that the Court should hold a pre-trial hearing to determine the competency of an unnamed minor child, who was nine at the time of the incident. Id. This is Defendant's only reason for challenging the Victim's competency as a witness. Age alone is not a sufficient reason to raise the issue of competency of a minor witness. Dunlop, 27 Cal.App. at 465. The Court determines that Defendant has failed to produce evidence that shows that the potential minor witnesses are unable to "appreciate the difference between truth and falsehood" and have the "required capacity for observation, recollection and communication." Pocatello, 395 F.2d at 116. The Court also determines that a pre-trial hearing to determine the competency of the minor witnesses is unnecessary. The Court and the Defendant, will have the opportunity to assess the minor witness' ability to "appreciate the difference between truth and falsehood" and have the "required capacity for observation, recollection and communication," Pocatello, 395

F.2d at 116, if and when the minors are called to the witness stand. Therefore, the Court will deny Defendant's Motion for Hearing on Competency of Minor Witnesses.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss and Motion for Hearing on Competency of Minor Witnesses.

**SO ORDERED** this ___13___ day of ___July___, 2009.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam



I do hereby certify that the foregoing is a full true and accurate copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JUL 1 3 2009

James R. Borja